IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERNEST CORRADO, as Administrator of  :
the ESTATE OF ELEANOR CORRADO,  :  Civil No. _____
deceased, and ERNEST CORRADO,  :
individually,  :
7245 Mahaffey Dr., Apt. A  :
Newport Richey, Florida 34653  :
  :
          Plaintiff  :
vs.  :  JURY TRIAL DEMANDED
  :
TIMBER RIDGE HEALTH CARE  :
CENTER  :
1555 East End Boulevard  :
Wilkes-Barre, PA 18711  :
  :
VALLEY CREST NURSING, L.P.  :
a Pennsylvania Limited Partnership,  :
1555 East End Boulevard  :
Wilkes-Barre, PA 18711  :
  ;
VALLEY CREST NURSING GP, LLC, a  :
Pennsylvania Limited Liability Corporation :
1555 East End Boulevard  :
Wilkes-Barre, PA 18711  :
  :
AND  :
  :

VALLEY CREST NURSING, INC., a        :
Pennsylvania Corporation,            :
1555 East End Boulevard              :
Wilkes-Barre, PA 18711               :
                                     : (ELECTRONICALLY FILED)
                Defendants           :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# COMPLAINT

AND NOW, comes the Plaintiff, Ernest Corrado, as the surviving spouse and Administrator of the Estate of Eleanor Corrado, deceased, and Ernest Corrado, in his own right, by and through their undersigned counsel, Dougherty, Leventhal & Price, LLP, and hereby complains of the Defendants as follows:

## THE PARTIES

1.   The Plaintiff Ernest Corrado is an adult individual and resident of the state of Florida, residing therein at 7245 Mahaffey Drive, Apartment A, New Port Richey, Pasco County, Florida 34691.  Ernest Corrado is the Administrator of the Estate of Eleanor Corrado, (hereinafter, "the Decedent" or "Eleanor Corrado") having being duly appointed Letters of Administration in the Circuit Court for Pasco County, Probate Division, State of Florida, with Letters of Administration being issued on August 31, 2016.  At the time of her death, Eleanor Corrado was a resident of the state of Florida with a permanent address of 7245 Mahaffey Drive, Apartment A., New Port Richey, Pasco County, Florida 34691.

2.  The Plaintiff Ernest Corrado, sues individually and in his own right as the surviving spouse of Eleanor Corrado.  As stated above, Ernest Corrado is a resident of the state of Florida.

3.  Defendant Timber Ridge Health Care Center (hereinafter, "Timber Ridge") is a business offering rehabilitation services and/or skilled nursing care to individuals.  The principle place of business is 1555 East End Boulevard, Wilkes-Barre, Luzerne County, Pennsylvania.  Upon information and belief, the Timber Ridge Health Care Center is owned and/or operated by Defendant Valley Crest Nursing, L.P.  Upon information and believe, Timber Ridge is a fictitious name and was formerly known as the Valley Crest Nursing and Rehabilitation Center.

4.  Defendant Valley Crest Nursing, L.P., is a Pennsylvania limited partnership with a principle place of business located at 1555 East End Boulevard, Wilkes-Barre, Luzerne County, Pennsylvania.  Upon information and belief, Valley Crest Nursing is the owner and/or operator of Defendant "Timber Ridge." Upon information and belief, Valley Crest Nursing GP, LLC is the general partner to Valley Crest Nursing, LP.

5.  Defendant Valley Crest Nursing GP, LLC, is a Pennsylvania limited liability corporation with a principle place of business located at 1555 East End Boulevard, Wilkes-Barre, Luzerne County, Pennsylvania.

6.  Defendant Valley Crest Nursing, Inc., is a Pennsylvania corporation with a principle place of business located at 1555 East End Boulevard, Wilkes-Barre, Luzerne County, Pennsylvania.

7.  The Defendant Timber Ridge is a skilled nursing facility subject to the authority of both federal and Commonwealth of Pennsylvania regulations. Timber Ridge is subject to the regulations set forth in 42 C.F.R. part 483 *et seq*., the Nursing Home Reform Act of 1987 and the laws of the Commonwealth of Pennsylvania set forth at 28 Pa. Code §201 *et seq*.  At all times relevant hereto, each Defendant was vicariously liable for the acts and omissions of its employees and staff members.

## STATEMENT OF JURISDICTION AND VENUE

8.  Jurisdiction is vested in the United States District Court for the Middle District of Pennsylvania because the Plaintiff is a resident of the state of Florida and the decedent was a Florida resident at the time of her death and each of the Defendants are legal residents of the Commonwealth of Pennsylvania and the amount in controversy exceeds $75,000 dollars.  Jurisdiction is invoked pursuant to 28 U.S.C. §1332 and venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391.

## STATEMENT OF OPERATIVE FACTS

9.  The Decedent Eleanor Corrado was born on February 13, 1931 and died on October 20, 2015.  Mrs. Corrado was 84 years of age at the time of her death and had an additional life expectancy of 7.4 years.

10.  Eleanor Corrado was admitted to Timber Ridge on October 9, 2015, and died 11 days later after she was dropped from a Hoyer lift while under the care of Timber Ridge, its supervisors, employees, and staff members.

11.  At the time that Eleanor Corrado's initial Minimum Data Set ("MDS") scoring was completed on or about October 19, 2015, Timber Ridge's assessment of Mrs. Corrado established that with respect to self-performance of transferring from bed to chair, she was completely dependent and was a two person physical assist at all times.

12.  The Defendant Timber Ridge, operated by Valley Crest Nursing, L.P., Valley Crest Nursing GP, LLC and Valley Crest Nursing, Inc., received payment and reimbursement from federal and/or state funds, including the Medicare Program and, as such, is subject to and bound by 42 U.S.C.A. §1396 *et seq*; 42 C.F.R. part 483; 63 P.S. §1101 *et seq*.; and 28 Pa. Code 201 *et seq.*

13.  On the twelfth day of her stay at Timber Ridge at approximately 8:33 a.m. two unidentified certified nursing assistants were transferring Eleanor

Corrado from her bed to her chair and the CNAs permitted Eleanor to fall from the

Hoyer lift approximately three feet onto the floor resulting in Eleanor violently

hitting the floor after a fall of several feet.  As a result of Eleanor's fall from the

Hoyer lift on October 20, 2015, Eleanor sustained a comminuted fracture of the

left femoral neck to her left hip, a displaced intertrochanteric fracture of the left

femur, a fracture of the bilateral pubic symphysis, a left inferior pubic remus

fracture and a contusion to her head.

14.  Eleanor was transported to the Geisinger Wyoming Valley Hospital at

approximately 8:55 a.m. on October 20, 2015.  Upon admission to the Emergency

Room at Geisinger Wyoming Valley, having undergone several x-rays and

multiple evaluations by the emergency room physician, the radiology department

and other specialists, Eleanor died at 5:30 p.m. on October 20, 2015, as a direct

result of the injuries which she sustained as a result of the fall from the Hoyer lift

while under the care and supervision of Timber Ridge. The certificate of death for

Eleanor Corrado lists her cause of death as the following: A) cardio respiratory

arrest; B) complications of hip/pelvic fracture; and C) fall from lift device.

15.  Survey results from the Pennsylvania Department of Health for the

years 2014 and 2015 up to and including the death of Eleanor Corrado establish

that the Pennsylvania Department of Health made numerous findings of Timber

Ridge's lack of compliance with 42 C.F.R. part 483 subpart B requirements for long-term care facilities and 28 Pa. Code Commonwealth of Pennsylvania Long-term licensure regulations.  Among other things, the Pennsylvania Department of Health made findings prior to Eleanor Corrado's death that Timber Ridge failed to maintain professional standards of nursing care on multiple occasions.  Timber Ridge's failure to maintain appropriate professional standards and comply with both federal and state regulations with respect to the delivery of nursing and support staff services as well as their failure to adequately address these deficiencies were a direct cause of the facility's failure to adequately train and supervise its staff which resulted in Eleanor Corrado falling from her Hoyer lift which resulted in her death on October 20, 2015.

16.  The certified nursing assistants, whose current identities are unknown, were charged with the responsibility of ensuring that Eleanor Corrado was safely placed and transported into the Hoyer lift and then safely placed into her chair. The certified nursing assistants were negligent in the following ways:

a)  in failing to properly ensure that the Hoyer lift itself would not shift and that its straps would not be dislodged thereby causing Mrs. Corrado to fall approximately three feet to the floor sustaining the hip and pelvic fractures already identified;

7

b)      failing to properly ensure that Eleanor Corrado was secure in the

Hoyer lift before beginning the process of moving her into her chair;

c)      failing to properly assess Eleanor's location in the Hoyer lift so that

her weight did not shift thereby causing her to fall out of the Hoyer

lift to approximately three feet to the floor below; and

d)      failure to be in close enough proximity or actually holding Eleanor in

place so that she did not fall from the Hoyer lift approximately three

feet onto the floor thereby sustaining the injuries which led to her

death on that same day.

17.   The owners, managers, registered nurses and supervisors of Timber

Ridge were careless, reckless and negligent in their failure to adequately train the

certified nursing assistants whose negligent conduct resulted in Eleanor falling

from the Hoyer lift and causing her death.

18.   The owners, managers, registered nurses and supervisors of Timber

Ridge were careless, reckless and negligent in failing to have the facility

adequately staffed on October 20, 2015, in order to provide a safe environment so

that Eleanor Corrado could be transferred from bed to chair in a way that would

have prevented her from falling out of the Hoyer lift approximately three fee to the

floor which resulted in her death.

19.  The Pennsylvania legislature consistent with the legislative prerogative afforded to it under the Health Care Facilities Act (35 P.S. §448.803) and Section 2102(g) of the Administrative Code of 1929 (71 P.S. §532(g)) has promulgated regulations applying to profit and non-profit long-term care nursing facilities. Pursuant to 201.2 of Title 28 of the Pennsylvania Code, 28 Pa. Code §201.2, the Commonwealth of Pennsylvania has incorporated by reference subpart b of the federal requirements for long term care facilities, 42 C.F.R. §483.1 through §483.75 (relating to requirements for long term care facilities).  It is averred that the factual recitation outlined above, which is incorporated herein by reference as thought set forth at length, demonstrates a failure to comply with several of the federal requirements set forth in the Nursing Home Reform Act of 1987 and the Omnibus Budget Reconciliation Act of 1987 (OBRA).

20.  Plaintiffs allege that the Defendants' conduct violated section 483.25 of the OBRA regulations, 42 C.F.R. §483.25.  Section 483.25(h), **Accidents** - provides as follows:

> The facility must ensure that:
>
> (1) the resident environment remains as free of accident hazards as is possible; and
>
> (2) each resident receives adequate supervision and assistance devices to prevent accidents.

The failures on the part of both the two unidentified nursing assistants as well as the nursing staff and supervisors and administrators at Timber Ridge constitutes a violation of Section 483.25(h).  This failure was the proximate cause of Eleanor Corrado falling from her Hoyer lift and directly resulted in Eleanor's untimely death.

21.  Section 483.30 of the OBRA regulations, 42 C.F.R. §483.30 governs nursing services.  Plaintiffs believe and therefore aver that the conduct of all Defendants as outlined above which is incorporated herein by reference violates section 483.30(a) **Sufficient Staff** - which provides as follows:

> (1) The facility must provide services by sufficient numbers of each of the following types of personnel on a 24 hour basis to provide nursing care to all residents in accordance with resident care plans:
>
>> (i) except when waived under paragraph (c) of this section, licensed nurses; and
>
>> (ii) other nursing personnel.

22.  As stated above, Timber Ridge failed to provide sufficient staff and adequately trained staff to safely transfer Eleanor Corrado from her bed to her chair.  Furthermore, based upon a review of the Pennsylvania Department of Health Website, the Defendant Timber Ridge failed to file a report with the

Pennsylvania Department of Health which would have facilitated a site visit/inspection from the Department of Health.

23.  In addition to providing inadequate staff, supervision to the staff, and training to the staff who in fact were present, Timber Ridge also failed to provide adequate and appropriate equipment in the form of a safe Hoyer lift which would have prevented Eleanor Corrado from falling from the Hoyer lift approximately three feet onto the floor which ultimately resulted in her death.

## CAUSES OF ACTION

## COUNT I

### Negligence

**Plaintiff Ernest Corrado as Administrator of the Estate
of Eleanor Corrado and Ernest Corrado in his own right, vs.
Timber Ridge Health Care Center, Valley Crest Nursing, L.P.,
Valley Crest Nursing GP, LLC and Valley Crest Nursing, Inc.**

24.  The Plaintiffs hereby incorporate paragraphs 1 through 23 of the Complaint as though the same were set forth at length.

25.  The Defendants individually, and by and through their agents, servants, supervisory personnel and employees were negligent, careless, and recklessly indifferent to the needs and well being of the Decedent, Eleanor Corrado, and such negligence, carelessness and reckless indifference was the proximate cause of the

injuries and death sustained by Eleanor Corrado.  The negligence, carelessness and

reckless indifference of the Defendants in their own right, and by and through

their agents, servants, supervisory personnel, and employees, included, among

other things, the following:

a)      in failing to properly ensure that the Hoyer lift itself would not shift

and that its straps would not be dislodged thereby causing Mrs.

Corrado to fall approximately three feet to the floor sustaining the hip

and pelvic fractures already identified;

b)      failing to properly ensure that Eleanor Corrado was secure in the

Hoyer lift before beginning the process of moving her into her chair;

c)      failing to properly assess Eleanor's location in the Hoyer lift so that

her weight did not shift thereby causing her to fall out of the Hoyer

lift to approximately three feet to the floor below; and

d)      failure to be in close enough proximity or actually holding Eleanor in

place so that she did not fall from the Hoyer lift approximately three

feet onto the floor thereby sustaining the injuries which led to her

death on that same day.

26.  Section 483.15(e)(1) of the OBRA regulations governs a facility's

obligation to accommodate the needs of its residents and provides as follows:

12

A resident has the right to:

1.  Reside and receive services in the facility with
reasonable accommodation of individual needs and
preferences, except when the health or safety of the
individual or other residents would be in danger.

27.  Plaintiffs believe and therefore aver that all of the aforementioned

conduct on the part of the facility and its authorized agents, servants, contractors,

subcontractors, staff and/or partners and employees, including, but not limited to,

nursing home administrators, nurses, certified nurses, nursing assistants, nursing

aids and those persons granted privileges at the Timber Ridge facility, constitutes

a violation of Section 483.15(e)(1).

28.  Section 483.20(k)(3)(i) of the OBRA regulations governs resident

assessment and comprehensive care plans and provides that:

The services provided or arranged by the facility must:

(i) meet professional standards of quality.

29. The Plaintiffs believe and therefore aver that all of the aforementioned

conduct on the part of the facility and its authorized agents, servants, contractors,

subcontractors, staff and/or partners and employees, including, but not limited to,

nursing home administrators, nurses, certified nurses, nursing assistants, nursing

aids and those persons granted privileges at the facility, constitutes a violation of

Section 483.20(k)(3)(i).

30.   The Plaintiffs believe and therefore aver that the conduct of the facility which is vicariously liable for the conduct of its authorized agents, servants, contracts, subcontractors, staff and/or partners, and employees, including, but not limited to, nursing home administrators, nurses, certified nurses, nursing assistants, nursing aids, and those persons granted privileges at the facility, whose actions have been outlined above, were deliberately indifferent to the needs of Eleanor Corrado.  The conduct outlined above constitutes gross negligence and deliberate indifference under the circumstances.

31.   The aforementioned acts and/or omissions of the facility by and through its authorized agents, servants, contracts, subcontractors, staff and/or partners, and employees, including, but not limited to, nursing home administrators, nurses, certified nurses, nursing assistants, nursing aids, and those persons granted privileges at the facility, permitted a series of acts and/or omissions ultimately resulting in all of the harm and damages caused to Eleanor Corrado as outlined above which ultimately resulted in her death.  In particular, the facility and its authorized agents, servants, contracts, and all those aforementioned individuals identified above, failed and neglected to:

a)      hire careful, well-trained staff;

14

b)    train the staff in a manner that would have prevented Eleanor Corrado

from falling from the Hoyer lift resulting in her death;

c)     supervise the staff in an adequate fashion;

d)    ensure that adequately trained staff were in fact on duty and available

to provide proper care so that the injuries resulting in Eleanor

Corrado's death could have been avoided; and

e)    administer the facility in a manner that would enable it to use its

resources effectively and efficiently to maintain the highest

practicable physical, mental and psycho-social well being of each

resident, consistent with the facility's and Defendants' obligations

pursuant to 42 C.F.R. §483.75 and 28 Pa. Code §201.18.

32.  The Plaintiff Ernest Corrado believes and therefore avers that each of

the federal and state regulations which have been identified in the preceding

paragraphs were violated by the conduct of the facility, its authorized agents,

servants, contracts, subcontractors, staff and/or partners, and employees,

including, but not limited to, nursing home administrators, nurses, certified nurses,

nursing assistants, nursing aids, and those persons granted privileges at the

facility, and that these violations constitute negligence *per se.*

33.   At all times relevant hereto, Timber Ridge held itself out to the public, including Eleanor Corrado and Ernest Corrado, as a health care provider which purports to possess skill and knowledge in the field of nursing and medical services and agreed to provide Eleanor Corrado with all of the medical attention and nursing and support services which she needed based upon her medical and physical condition while in Timber Ridge's care.

34.   Each employee of Timber Ridge are the actual and/or ostensible agent of the other Defendants named in this action, specifically Valley Crest Nursing, L.P.; Valley Crest Nursing GP, LLC; and Valley Crest Nursing, Inc.

35.   The acts performed by each employee of Timber Ridge were undertaken on behalf of each Defendant and within the course and scope of the employee's authority and with each Defendant's knowledge and consent.

36.   As a direct and proximate result of the failures of the facility and its staff as heretofore mentioned, Eleanor Corrado sustained the following injuries on October 20, 2015, which resulted in her death: comminuted fracture of the left femoral neck to her left hip, a displaced intertrochanteric fracture of the left femur, a fracture of the bilateral pubic symphysis, a left inferior pubic remus fracture and a contusion to her head.

37.  As a result of the injuries sustained by Eleanor Corrado, on October 20, 2015, she experienced conscious pain and suffering.

38.  As a direct and proximate result of the failures by the facility and its authorized agents to care for Eleanor Corrado as outlined above, her family has incurred medical expenses for her injuries, a claim for which is hereby made.

WHEREFORE, your Plaintiff Ernest Corrado, individually and as the Administrator of the Estate of Eleanor Corrado, deceased, demands judgment and compensatory damages against the Defendants Timber Ridge Health Care Center, Valley Crest Nursing, L.P., Valley Crest Nursing GP, LLC, and Valley Crest Nursing, Inc., in an amount in excess of $75,000 dollars together with costs and all damages available pursuant to Pa. R.C.P. No. 238.

## COUNT II

### Respondeat Superior/Vicarious Liability

**Plaintiff Ernest Corrado as Administrator of the Estate
of Eleanor Corrado and Ernest Corrado in his own right, vs.
Timber Ridge Health Care Center, Valley Crest Nursing, L.P.,
Valley Crest Nursing GP, LLC and Valley Crest Nursing, Inc.**

39.  The Plaintiffs hereby incorporate paragraphs 1 through 38 of the Complaint as though the same were set forth at length.

17

40.  The facility known as Timber Ridge as well as the Defendants Valley Crest Nursing, L.P., Valley Crest Nursing GP, LLC, and Valley Crest Nursing, Inc., are legally responsible and liable for the conduct of their authorized agents, servants, contracts, subcontractors, staff and/or partners, and employees, including, but not limited to, nursing home administrators, nurses, certified nurses, nursing assistants, nursing aids, and those persons granted privileges at the facility, by virtue of the doctrine of *respondeat superior* and vicarious liability.

WHEREFORE, your Plaintiff Ernest Corrado, individually and as the Administrator of the Estate of Eleanor Corrado, deceased, demands judgment and compensatory damages against the Defendants Timber Ridge Health Care Center, Valley Crest Nursing, L.P., Valley Crest Nursing GP, LLC, and Valley Crest Nursing, Inc., in an amount in excess of $75,000 dollars together with costs and all damages available pursuant to Pa. R.C.P. No. 238.

## COUNT III

### Corporate Liability

**Plaintiff Ernest Corrado as Administrator of the Estate
of Eleanor Corrado and Ernest Corrado in his own right, vs.
Timber Ridge Health Care Center, Valley Crest Nursing, L.P.,
Valley Crest Nursing GP, LLC and Valley Crest Nursing, Inc.**

41.  The Plaintiffs hereby incorporate paragraphs 1 through 40 of the

18

Complaint as though the same were set forth at length.

42. In the case of <u>Scampone v. Highland Park Care Center, LLC</u>, 618 Pa. 363, 57 A.3d 582 (2012), the Pennsylvania Supreme Court specifically held that skilled nursing facilities are subject to potential direct liability for negligence, where the requisite resident-entity relationship exists to establish that the entity owes the resident a duty of care.

43. It is believed and therefore averred that all of the aforementioned conduct of the facility and its authorized agents, servants, contractors, subcontractors, staff and/or partners, and employees, including, but not limited to, the nursing home administrator, nurses, certified nurses, nursing assistants, certified nursing assistants, and those persons granted privileges at the facility as outlined above, warrants a finding of corporate negligence based upon, among other things, the facility's failure to formulate, adopt, and enforce adequate rules and policies to ensure quality care for residents such as Decedent Eleanor Corrado and a program to supervise and adequately assess and train staff members, particularly in the proper use of a Hoyer lift and how to safely transfer incapacitated residents from bed to chair.

44. The Defendants, Timber Ridge Health Care Center, Valley Crest Nursing, L.P., Valley Crest Nursing GP, LLC, and Valley Crest Nursing, Inc.,

were independently negligent, careless, indifferent, and such negligence and

carelessness was the proximate cause of the injuries sustained by Eleanor Corrado

which resulted in her death.  The negligence and carelessness of the

aforementioned Defendants included among other things, the following:

a)   failing to select, hire, or retain competent staff, agents, servants,

      supervisors and employees;

b)   failing to implement an adequate training program for staff members

      to ensure that they were trained in the proper placement of residents

      in Hoyer lifts and transfer of residents in Hoyer lifts;

c)   failing to properly supervise and monitor the work of staff, agents,

      supervisors, servants and employees;

d)   failing to properly staff the facility; and

e)   failing to have in place prior policies and procedures to screen

      potential residents to determine whether the facility can adequately

      care for the resident without causing the resident injury.

45.  The conduct of the Defendants, Timber Ridge Health Care Center,

Valley Crest Nursing, L.P., Valley Crest Nursing GP, LLC, and Valley Crest

Nursing, Inc., constituted a deviation from the recognized standard of care which

was a cause in fact and a substantial factor in the injuries and damages sustained

by Eleanor Corrado which led to her death.

46.   The manner in which the aforementioned deviations from the standard of care occurred as well as the multiple notations of deficiencies and lack of compliance with federal and state regulations as documented on the Pennsylvania Department of Health website, indicated that there were systematic and systemic problems with the Defendants' care and treatment of Eleanor Corrado and accounted for the injuries which resulted in Eleanor Corrado's death.

WHEREFORE, your Plaintiff Ernest Corrado, individually and as the Administrator of the Estate of Eleanor Corrado, deceased, demands judgment and compensatory damages against the Defendants Timber Ridge Health Care Center, Valley Crest Nursing, L.P., Valley Crest Nursing GP, LLC, and Valley Crest Nursing, Inc., in an amount in excess of $75,000 dollars together with costs and all damages available pursuant to Pa. R.C.P. No. 238.

## COUNT IV

### Wrongful Death Action

**Plaintiff Ernest Corrado as Administrator of the Estate
of Eleanor Corrado and Ernest Corrado in his own right, vs.
Timber Ridge Health Care Center, Valley Crest Nursing, L.P.,
Valley Crest Nursing GP, LLC and Valley Crest Nursing, Inc.**

47.   The Plaintiffs hereby incorporate paragraphs 1 through 46 of the

Complaint as though the same were set forth at length.

48. The Plaintiff, Ernest Corrado, individually and as the Administrator of the Estate of Eleanor Corrado, deceased, under and by virtue of the laws of the Commonwealth of Pennsylvania, brings this action as a wrongful death action pursuant to 42 Pa. C.S. §8301 and Pa. R.C.P. 2202(a).

49. The Plaintiff's Decedent, Eleanor Corrado, left surviving her the following persons:

    a)    Ernest Corrado, surviving spouse;

    b)    Eleanor Garavaglia, daughter;

    c)    John Rooney, son; and

    d)    Theresa Scrader, daughter.

50. Plaintiff claims damages for pecuniary loss suffered by the Decedent's survivors by reason of her death, as well as reimbursement for the medical bills, funeral expenses and other expenses incurred in connection therewith.

51. As a result of the death of Plaintiff's Decedent, her survivors have been deprived of the earnings, maintenance, guidance, support and comfort they would have received from her for the rest of her natural life.

52. At no time during her lifetime did Plaintiff's Decedent Eleanor Corrado bring an action for her personal injuries and no other action for her death has been

commenced against the Defendants.

WHEREFORE, the Plaintiff Ernest Corrado, individually and as Administrator of the Estate of Eleanor Corrado, deceased, demands judgment and compensatory damages against the Defendants Timber Ridge Health Care Center, Valley Crest Nursing, L.P., Valley Crest Nursing GP, LLC, and Valley Crest Nursing, Inc., together with costs and all damages available pursuant to Pa. R.C.P. 238.

## COUNT V

### Survival Action

**Plaintiff Ernest Corrado as Administrator of the Estate
of Eleanor Corrado and Ernest Corrado in his own right, vs.
Timber Ridge Health Care Center, Valley Crest Nursing, L.P.,
Valley Crest Nursing GP, LLC and Valley Crest Nursing, Inc.**

53.  The Plaintiffs hereby incorporate paragraphs 1 through 52 of the Complaint as though the same were set forth at length.

54.  Plaintiff, Ernest Corrado, individually and as Administrator of the Estate of Eleanor Corrado, deceased, brings this action on behalf of the Estate of the Plaintiff's Decedent under and by virtue of the laws of the Commonwealth of Pennsylvania set forth at 20 Pa. C.S. §3373 and 42 Pa. C.S. §8302.

55.  As a direct and proximate result of the Defendants' aforesaid acts of negligence, carelessness and recklessness, the Decedent suffered and the Defendants are liable for the following damages:

a)      Decedent's pain and suffering during the period of her stay at Timber Ridge;

b)      the Decedent's loss of retirement and social security income;

c)      the Decedent's other financial losses suffered as a result of her death; and

d)      the Decedent's loss of enjoyment of life.

WHEREFORE, the Plaintiff Ernest Corrado, individually and as Administrator of the Estate of Eleanor Corrado, deceased, demands judgment and compensatory damages against the Defendants Timber Ridge Health Care Center, Valley Crest Nursing, L.P., Valley Crest Nursing GP, LLC, and Valley Crest Nursing, Inc., in an amount in excess of $75,000 dollars together with costs and all damages available pursuant to Pa. R.C.P. 238.

Respectfully submitted,

DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

By:    s/Patrick E. Dougherty, Esquire_____
       Patrick E. Dougherty, Esquire
       Attorney ID # 15812

24

By:   <u>Joseph G. Price, Esquire</u>
Joseph G. Price, Esquire
Attorney ID # 32309

By:   <u>s/Sean P. McDonough</u>
Sean P. McDonough, Esquire
Attorney ID # 47428


Attorney for Plaintiffs
75 Glenmaura National Blvd.
Moosic, PA 18507
Phone (570) 347-1011
Fax (570) 347-7028
pdougherty@dlplaw.com
jprice@dlplaw.com
smcdonough@dlplaw.com